270 F.3d 793 (9th Cir. 2001)
 D.A.R.E. AMERICA, A CALIFORNIA NON-PROFIT CORPORATION; GLENN LEVANT, AN INDIVIDUAL, PLAINTIFFS-APPELLANTS
v.
ROLLING STONE MAGAZINE, WHOSE LEGAL NAME IS WENNER MEDIA, INC., A DELAWARE CORPORATION; JANN WENNER, AN INDIVIDUAL; ROBERT LOVE, AN INDIVIDUAL, DEFENDANTS-APPELLEES
 No. 00-55939
 UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT
 Argued and Submitted October 12, 2001
Filed October 24, 2001
 
 Louis R. Miller, Christensen, Miller, Fink, Jacobs, Glaser, Weil & Shapiro, LLP, Los Angeles, California, for the plaintiffs-appellants.
 Elizabeth A. McNamara, Davis Wright Tremaine LLP, New York, New York, for the defendants-appellees.
 Appeal from the United States District Court for the Central District of California; Virginia A. Phillips, District Judge, Presiding. D.C. No. CV-99-01132-VAP
 Before: Brunetti, Rymer, and Wardlaw, Circuit Judges.
 Rymer, Circuit Judge:
 
 
 1
 D.A.R.E. America and Glenn A. Levant, its founder and President, brought suit against Rolling Stone Magazine for defamation arising out of an article entitled "Truth & D.A.R.E." and two Editor's Notes about the article and its author, Stephen Glass, published in July and August 1998. The district court granted Rolling Stone's motion for summary judgment in a published opinion. D.A.R.E. America v. Rolling Stone Magazine, 101 F. Supp. 2d 1270 (C.D. Cal. 2000). D.A.R.E. and Levant timely appeal.
 
 
 2
 They challenge the district court's failure to consider their objections to certain of Rolling Stone's evidentiary submissions and the court's conclusions that Glass was not an employee of Rolling Stone, that the Editor's Notes were not defamatory republications of the article, that "Truth & D.A.R.E." was not published with actual malice, and that some of the facts in the article were substantially true.
 
 
 3
 The district court declined to consider the objections because they were not included with the opposition to summary judgment. Id. at 1279 n.1. We do not need to decide whether this was correct, for even if the objections were timely, D.A.R.E. and Levant's brief on appeal does not argue how resolving them would have affected the outcome. A "bare assertion" of an issue "does not preserve a claim, particularly when, as here, a host of other issues are presented for review." Greenwood v. Federal Aviation Admin. , 28 F.3d 971, 977 (9th Cir. 1994). In any event, there appears to be no substantial merit to any of them.
 
 
 4
 Beyond this, we agree with and adopt the well reasoned opinion of the district court on all issues but the discussion on retraction in Part VI (the fourth, fifth and sixth paragraphs), substantial truth (Part VII) and statements "of and concerning" D.A.R.E. and Levant (Part VIII). Part VIII is not before us on appeal; and it is unnecessary to reach the issue of what effect (if any) failure to retract might have, or whether certain of the allegedly defamatory statements are substantially true, given our conclusion that Glass was not a Rolling Stone employee, the article was not published by Rolling Stone with actual malice, and the Editor's Notes are not libelous per se.
 
 
 5
 AFFIRMED.