MEMORANDUM *
Bonnie Snavely appeals, via the District Court, the following orders of the Bankruptcy Court: (1) an order granting debt- or’s motion for turnover of property of the estate; and (2) a decree of partition and order granting an easement to the debtor. The panel dismisses as moot all orders on appeal except for that relating to the easement, which we affirm.
Under 11 U.S.C. § 363(m), the authorized disposition of property of the estate under 11 U.S.C. § 363(b) or (c) cannot be reversed if it was not stayed pending appeal. We apply an absolute mootness rule in such situations. In re Filtercorp, Inc., 163 F.3d 570, 577 (9th Cir.1998). The *91 partition order appealed here was authorized under 11 U.S.C. § 363(b). Thus, the appeal of the partition order is moot because Snavely did not obtain a stay of the partition pending appeal. Id. Because the finality of the partition and the subsequent sales of the property to third parties make turnover impossible, the appeal of the turnover order is also rendered moot. See Nat’l Mass Media Telecomm. Sys., Inc. v. Stanley, 152 F.3d 1178, 1180 (9th Cir.1998).
The order granting an easement, however, is not rendered moot because effective monetary relief could be fashioned. In re Sylmar, 314 F.3d 1070, 1074 (9th Cir.2002). This order of the district court is reviewed de novo. In re Ewell, 958 F.2d 276, 279 (9th Cir.1992). The factual findings of the Bankruptcy Court are reviewed for clear error, and its conclusions of law are reviewed de novo. Id.
The Bankruptcy Court ordered that Snavely grant Miller an easement pursuant to a 1980 family agreement in which it was “mutually agreed among the parties that, when called upon to do so ... each of the parties will grant each of the other parties access easements for purposes of ingress and egress across their respective properties.... ” Snavely argued that enforcement of this agreement is precluded because the partition made the easement unnecessary, because the claim is barred by the doctrine of claim preclusion, or, alternatively, because the obligation under the agreement was extinguished through accord and satisfaction.
We agree with the Bankruptcy Court’s determination that the agreement is still binding. First, the necessity of the easement is irrelevant because this is not an easement based on necessity, but rather an express easement granted by a written agreement. Because express easements arise from and are governed by the documents creating them, the 1980 agreement governs this easement, and it does not expressly condition termination or duration upon necessity. See Pearson v. Virginia City Ranches Ass’n, 298 Mont. 52, 993 P.2d 688, 692-693 (Mont.2000); see also Restatement (Third) of Property: Servitudes § 4.3 (“A servitude by necessity lasts as long as the necessity that gave rise to its creation continues.... The duration of other servitudes is indeterminate.” (emphasis added)).
Second, Snavely’s claim that Miller is precluded from raising this easement claim because he already litigated it in their mother’s bankruptcy suit lacks merit. Claim preclusion provides that a final judgment on the merits precludes parties from relitigating all issues that were or could have been raised in an action. Rein v. Providian Fin. Corp., 270 F.3d 895, 898-99 (9th Cir.2001). Claim preclusion is appropriate where: (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) there was a final judgment on the merits; and (4) the same claim or cause of action was involved in both suits.” Id. at 899. The prior action was an adversary action Miller brought in his mother’s 1993 bankruptcy regarding easements and breach of contract claims. The bankruptcy judge rejected the claim on summary judgment.
This circuit looks at four factors to determine whether or not the same claim is being litigated: (1) whether rights or interests established in the prior judgment would be destroyed or impaired by the present action; (2) whether substantially the same evidence was presented in both actions; (3) whether both suits involve infringement of the same right; and (4) whether each suit arises out of the same transaction or nucleus of facts. Id. We agree with the Bankruptcy Court that while Miller submitted a declaration in his previous action with a caption titled *92 “Breech [sic] of 1980 Agreement,” the substance of his claims related to a different and particular existing easement, not the 1980 agreement to provide easements.
Third, Snavely relies on Montana Code § 28-1-1-1401 for her claim that the obligation to provide the easement was extinguished through accord and satisfaction in a 1994 Settlement Agreement between Miller and their mother. Section 28-1-1401 provides that “[a]n accord is an agreement to accept in extinction of an obligation something different from or less than that to which the person agreeing to accept is entitled.” Mont.Code Ann. § 28-1-1401. Her argument is unavailing because the agreement’s express language specifically limits the release to Miller and his mother — nowhere in the agreement does he agree also to release his sister, Snavely.
We affirm the Bankruptcy Court’s order granting an easement. We dismiss the remainder of Snavely’s appeal as moot. DISMISSED in part, AFFIRMED in part

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.