OPINION
McKEOWN, Circuit Judge.
The extent to which state and local regulation of towing companies is preempted under federal law has been the subject of much litigation. We have previously considered the issue in the context of California regulations. See Tocher v. City of Santa Ana, 219 F.3d 1040, 1045 (9th Cir. 2000) (abrogated in part by City of Columbus v. Ours Garage and Wrecker Service, Inc., 536 U.S. 424, 122 S.Ct. 2226, 153 L.Ed.2d 430 (2002)). Other circuits have considered similar challenges. See, e.g., Tow Operators Working to Protect Their Right to Operate v. City of Kan. City, 338 F.3d 873, 876 (8th Cir.2003), Cardinal Towing & Auto Repair, Inc. v. Bedford, 180 F.3d 686, 693(5th Cir.1999); Ace Auto Body & Towing, Ltd. v. City of New York, 171 F.3d 765, 772-774 (2nd Cir.1999); R. Mayer of Atlanta, Inc. v. City of Atlanta, 158 F.3d 538, 544 (11th Cir.1998) (abrogated in part by City of Columbus v. Ours Garage and Wrecker Service, Inc., 536 U.S. 424, 122 S.Ct. 2226, 153 L.Ed.2d 430 (2002)). We now address a challenge by tow operators to the State of Washington’s regulation of towing businesses.
Background
The State of Washington regulates tow truck operators that conduct business within the state. Registered tow truck operators — operators who “engage[ ] in the impounding, transporting, or storage of unauthorized vehicles or the disposal of abandoned vehicles” or non-consensual towing — are subject to more extensive regulations than operators who tow upon the request of a vehicle owner. See RCW § 46.55.010(6). Because registered tow truck operators tow cars without the owner’s consent, the State requires them to obtain permits, submit to inspections of business premises, meet insurance and record-keeping requirements, maintain certain hours, accept specified means of payment, conform their vehicles to the State’s equipment standards, and satisfy other requirements. See, generally, RCW § 46.55.
Independent Towers of Washington (“ITOW”) is a statewide organization of registered tow truck operators. Taking the position that the State’s regulation of the towing industry is expressly preempted under the Interstate Commerce Act (“ICA”), 49 U.S.C. § 14501(c), ITOW filed a class action against the State on behalf of “all towing businesses and persons presently and/or formerly employed in the towing business in Washington State since deregulation of the motor carrier industry in 1994.” ITOW sought damages and an *876 injunction preventing the State from enforcing these regulations.
The State moved for summary judgment and asserted that the challenged regulations fell within the safety, financial responsibility, and price of non-consensual towing exceptions to ICA preemption. The district court agreed and granted the State’s motion for summary judgment.
Discussion
The issue presented is whether Washington State’s regulations fall within the ICA’s express preemption language. Where Congress explicitly preempts state law, “Congress’ enactment of a provision defining the preemptive reach of a statute implies that matters beyond that reach are not preempted.” Cipollone v. Liggett Group, Inc., 505 U.S. 504, 517, 112 S.Ct. 2608, 120 L.Ed.2d 407 (1992). Thus, because ITOW relies on the express preemption provision of ICA, our review is limited to whether the Washington regulations fall within the scope of this Act. We review this question de novo. Tocher, 219 F.3d at 1045.
In determining the scope of ICA’s preemption of state law, we “start with the assumption that the historic police powers of the States [are] not to be superseded by ... [a] Federal Act unless that [is] the clear and manifest purpose of Congress.” Rice v. Santa Fe Elevator Corp., 331 U.S. 218, 230, 67 S.Ct. 1146, 91 L.Ed. 1447 (1947). “[T]he purpose of Congress is the ultimate touchstone of preemption analysis.” Cipollone, 505 U.S. at 516, 112 S.Ct. 2608(internal citations and quotation marks omitted).
The ICA, as amended by the Federal Aviation Administration Authorization Act and the ICC Termination Act, provides that state regulations relating to the price, route, or service of motor carriers are generally preempted:
(1) General rule. Except as provided in paragraphs (2) and (3), a State, political subdivision of a State, or political authority of 2 or more States may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of any motor carrier (other than a carrier affiliated with a direct air carrier covered by section 41713(b)(4)) or any motor private carrier, broker, or freight forwarder with respect to the transportation of property.
49 U.S.C. § 14501(c)(1). This general rule, however, is tempered by exceptions relating to safety regulations, the transportation of household goods, and non-consensual towing:
(2) Matters not covered. Paragraph (D-
(A) shall not restrict the safety regulatory authority of a State with respect to motor vehicles, the authority of a State to impose highway route controls or limitations based on the size or weight of the motor vehicle or the hazardous nature of the cargo, or the authority of a State to regulate motor carriers with regard to minimum amounts of financial responsibility relating to insurance requirements and self-insurance authorization;
(B) does not apply to the transportation of household goods; and
(C) does not apply to the authority of a State or a political subdivision of a State to enact or enforce a law, regulation, or other provision relating to the price of for-hire motor vehicle transportation by a tow truck, if such transportation is performed without the prior consent or authorization of the owner or operator of the motor vehicle.
*877 449 U.S.C. § 14501(c)(2)(A-C).[1]
The leading Ninth Circuit case addressing preemption of towing regulations is Tocher v. City of Santa Ana. Tocher sets forth the parameters for preemption with respect to the California towing regulations. 219 F.3d 1040. We now are asked to do the same for Washington State’s regulations.
I. Forfeiture of Issues on Appeal
ITOW asserts generally in its opening brief that the ICA preempts nearly all of Chapter 46.55 of the Revised Code of Washington (RCW) — Towing and Impoundment — and Chapter 204-91A of the Washington Administrative Code (WAC)— Towing Businesses. Those provisions contain more than twenty-five pages of fine print language. Beyond its bold assertion, ITOW provides little if any analysis to assist the court in evaluating its legal challenge. Notably absent is any explanation of why most of the regulations are preempted and why the regulations do not fall within the well-defined exceptions to preemption.
Instead of making legal arguments, ITOW provides a five page laundry list of the challenged regulations and their titles, leaving the court to piece together the argument for preemption as to each regulation. Indeed, a quarter of ITOW’s twenty-one page brief is simply a bullet point listing of statutes. The few explanatory footnotes fare no better at illuminating ITOW’s argument. See Hilao v. Estate of Marcos, 103 F.3d 767, 778 n. 4 (9th Cir. 1996) (“The summary mention of an issue in a footnote, without reasoning in support of the appellant’s argument, is insufficient to raise the issue on appeal.”). By and large, the footnotes simply recast the statutory text rather than making an argument or even pointing the court to a claimed basis for preemption.
When reading ITOWs brief, one wonders if ITOW, in its own version of the “spaghetti approach,” has heaved the entire contents of a pot against the wall in hopes that something would stick. We decline, however, to sort though the noodles in search of ITOW’s claim. As the Seventh Circuit observed in its now familiar maxim, “|j]udges are not like pigs, hunting for truffles buried in briefs.” United States v. Dunkel, 927 F.2d 955, 956 (7th Cir.1991).
Our circuit has repeatedly admonished that we cannot “manufacture arguments for an appellant” and therefore we will not consider any claims that were not actually argued in appellant’s opening brief. Greenwood v. Fed. Aviation Admin., 28 F.3d 971, 977 (9th Cir.1994). Rather, we “review only issues which are argued specifically and distinctly in a party’s opening brief.” Id. Significantly, “[a] bare assertion of an issue does not preserve a claim.” D.A.R.E. America v. Rolling Stone Magazine, 270 F.3d 793, 793 (9th Cir.2001).
The art of advocacy is not one of mystery. Our adversarial system relies on the advocates to inform the discussion and raise the issues to the court. Particularly on appeal, we have held firm against considering arguments that are not briefed. But the term “brief’ in the appellate context does not mean opaque nor is it an exercise in issue spotting. However much we may importune lawyers to be brief and to get to the point, we have never suggested that they skip the substance of their argument in order to do so. It is no *878 accident that the Federal Rules of Appellate Procedure require the opening brief to contain the “appellant’s contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies.” Fed. R.App. P. 28(a)(9)(A). We require contentions to be accompanied by reasons.
It is ITOW’s burden on appeal to present the court with legal arguments to support its claims. Absent argument, we decline to pick through the many detailed sections and subsections in an effort to match the statutes and regulations with a preemption theory not articulated to us. Therefore, we do not address any statute or regulation that was not accompanied by legal argument in ITOW’s opening brief.[2]
II. Preemption under 49 U.S.C. § 14501(c)(1)
The first statute we address is RCW § 46.55.105, which provides that the last registered owner of an abandoned vehicle is responsible for costs involved with storing and towing that vehicle and is guilty of a traffic infraction for abandoning the vehicle. As noted, state and local laws are only preempted under 49 U.S.C. § 14501(c)(1) where they “relate[] to a price, route, or service” of a motor carrier. The phrase “related to” is interpreted quite broadly: “[a] state or local regulation is related to the price, route, or service of a motor carrier if the regulation has more than an indirect, remote, or tenuous effect on the motor carrier’s prices, routes, or services.” Tocher, 219 F.3d at 1047.
Section 46.55.105 does not have even an indirect, remote or tenuous effect on towing companies’ prices, routes or service. In fact, this section does not impose requirements on towing companies at all but rather affects only vehicle owners. Because this section does not impose any requirements on towing/storing companies or influence their prices, routes or service, the statute is not preempted under the ICA. 49 U.S.C. § 14501(c)(1).
We are perplexed by ITOW’s argument with respect to § 46.55.105. In another example of opaque briefing, ITOW merely states that this regulation is similar to Cal. Veh.Code § 22850.5(b)(2), one of the regulations at issue in Tocher, and rests its case. ITOW offers no further argument or explanation. Although ITOW asserts that Cal. Veh.Code § 22850.5(b)(2) was preempted in Tocher, Tocher does not contain any specific discussion of Cal. Veh. Code § 22850.5(b)(2) or its requirement that “[a]ny charges shall be collected by the local or state authority only from the registered owner or an agent of the registered owner.” Cal. Veh.Code § 22850.5(b)(2). Further, even if Tocher did invalidate the California regulation at issue, ITOW does not explain why this regulation is similar to § 46.55.105 and why Tocher’s reasoning should be applied here. ITOW’s conclusory reference to a California regulation and to Tocher is insufficient to demonstrate that § 46.55.105 is preempted.
ITOW also challenges § 46.55.240, which allows cities, towns and counties to adopt local ordinances pertaining to the removal of unauthorized or abandoned vehicles. Citing Tocher, ITOW appears to argue that local governments are not permitted to enact safety regulations under 49 U.S.C. § 14501(c)(2)(A). ITOW’s rebanee *879 on Tocher for this proposition is now misplaced. Among other challenges, Tocher addressed whether the safety exception to the ICA’s general preemption clause is applicable not only to states but to municipalities and other local governments that seek to regulate the towing industry. Tocher concluded that it was not. In a subsequent ease, however, the Supreme Court abrogated Tocher on this point, and clarified that local regulations of the towing industry may be permissible under the safety exception set forth in 49 U.S.C. § 14501(c)(2)(A). See City of Columbus, 536 U.S. 424, 122 S.Ct. 2226, 153 L.Ed.2d 430. Accordingly, ITOW cannot rely on the abrogated portion of Tocher to demonstrate that RCW 46.55.240 is preempted.
The remaining regulations all relate to “non-consensual towing” — i.e., towing where law enforcement personnel or other authorized persons “determine that a vehicle must be towed and the owner of the vehicle is not afforded the opportunity to request towing services from a specific company.”[3] R. Mayer of Atlanta, 158 F.3d at 541 n. 2. The ICA contains a specific exception for non-consensual towing that allows the state to enact regulations that “relat[e] to the price of for-hire motor vehicle transportation by a tow truck.” 49 U.S.C. § 14501(c)(2)(C).[4]
There is little doubt that § 46.55.037 is saved from preemption under this exception. RCW § 46.55.037 provides that “[a] registered tow truck operator may receive compensation from a private property owner or agent for a private impound of an unauthorized vehicle that has an approximate fair market value equal only to the approximate value of the scrap in it.” ITOW does not dispute that this section is related to price of non-consensual tows. Rather, ITOW asserts that this section encompasses other preempted sections by requiring registered tow truck operators to “process the vehicle in accordance with this chapter.” RCW § 46.55.037. As ITOW has failed to demonstrate that any sections within RCW § 46.55 are preempted, we need not determine whether this portion of RCW § 46.55.037 is preempted.
ITOW’s preemption argument fares no better with respect to RCW § 46.55.063. Section 46.55.063 requires operators to file “fee schedules” with the department and forbids them from charging more than the listed rates. This section also sets forth procedures for how fees must be calculated. Because this provision directly regulates the amount a tow operator can recover for its services, it “relat[es] to the price of for-hire motor vehicle transportation by a tow truck” and therefore is not preempted under 49 U.S.C. § 14501(c)(2)(C).
Finally, ITOW challenges regulation of acceptable methods of payment *880 from customers, such as the requirement to accept credit cards. The State asserts that its regulation of the methods of payment, see § 46.55.120(l)(e), relates to the price of non-consensual tows and is therefore not preempted. Although ITOW disputes that this regulation is related to price, we need not resolve this conflict. As the State’s regulation of payment method does not relate to the tow truck operator’s route or service, the regulation is not preempted under § 14501(c)(1) unless it relates to price. If the regulation relates to price, however, it is saved from preemption under the non-consensual towing exception of § 14501(c)(2)(C). Thus, either way, Washington’s method of payment regulation is not preempted.
AFFIRMED.

. The state’s activities as a "market participant” are another accepted exception to preemption, although that exception does not come into play here. See Cardinal Towing, 180 F.3d at 693.

. After review of ITOW’s brief, we conclude that ITOW has sufficiently raised and preserved its challenge to the following statutory provisions: RCW §§ 46.55.037, 46.55.063, 46.55.105, 46.55.120(1)(e), and 46.55.240. Although ITOW offered minimal argument on these sections, its brief did generally cross-reference with Tocher, albeit in a truncated analysis.

. Each regulation governs the conduct of “registered tow truck operators” who, by definition, only tow unauthorized or abandoned vehicles, see § 46.55.010(6), and most of the regulations contained within RCW § 46.55 relate only to impound procedures, see §§ 46.55.070-46.55.220. Registered tow truck operators can perform either public or private impounds. Public impounds are those made "at the direction of a law enforcement officer or by a public official having jurisdiction over the public property upon which the vehicle was located.” RCW § 46.55.010(3)(a). Private impounds are those made “at the direction of a person having control or possession of the private property upon which the vehicle was located.” RCW § 46.55.010(3)(b).

. The term “transportation” is broadly defined and includes, inter alia, "services related to that movement, including arranging for, receipt, delivery, elevation, transfer in transit, refrigeration, icing, ventilation, storage, handling, packing, unpacking, and interchange of passengers and property.” 49 U.S.C. § 13102(21)(B).