Roberto Muniz NAVARRETE,
Petitioner,

v.

John ASHCROFT, Attorney
General, Respondent.

No. 02–74468.

Agency No. A75–528–413.

United States Court of Appeals,
Ninth Circuit.

Submitted April 12, 2004.*

Decided April 26, 2004.

Rhoda Wilkinson Domingo, Esq., Law Office of Rhoda Domingo, San Francisco, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Fran-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*  Fed. R.App. P. 34(a)(2).

cisco, CA, Paul Fiorino, Esq., David Dauenheimer, U.S. Department of Justice, Washington, DC, for Respondent.

Before T.G. NELSON, W. FLETCHER, and BERZON, Circuit Judges.

MEMORANDUM**

Petitioner seeks review of the Board of Immigration Appeals' (BIA or the Board) summary affirmance without opinion of an immigration judge's (IJ) denial of his applications for asylum, withholding of removal, protection under the Convention Against Torture, and voluntary departure. We have limited jurisdiction under 8 U.S.C. § 1252, and we deny the petition. As the parties are familiar with the facts, we recite them only as necessary to explain our decision. Because the BIA affirmed without opinion, we look to the opinion of the IJ as the final agency action. *See* 8 C.F.R. § 1003.1(a)(7)(iii); *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 848 (9th Cir.2003).

■ 1. There was substantial evidence for the IJ's finding that Muniz–Navarette is ineligible for asylum, withholding of removal, and Convention Against Torture relief. *See INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). The official neglect of the Mexican peasantry Muniz–Navarette documented before the IJ did not constitute substantial evidence that he, as a peasant, had a well-founded fear of persecution–"the infliction of suffering or harm upon those who differ (in race, religion or political opinion) in a way regarded as offensive"–were he returned to Mexico. *Prasad v. INS*, 47 F.3d 336, 339 (9th Cir.1995) (internal quotation marks and citation omitted). Without establishing a well-founded fear of persecution, Muniz–Navarette is ineligible for asylum. 8 U.S.C. § 1101(a); *Thomas v. Ashcroft*, 359 F.3d 1169, 1174 (9th Cir.2004). He similarly failed to satisfy the threshold showings for withholding of removal or relief under the Convention Against Torture.

■ 2. The Board's use of the affirmance without opinion (AWO), or "streamlining," procedure did not deny Muniz–Navarette his regulatory right to appeal under 8 C.F.R. § 1003.1(e)(4). We need not decide whether we should ever exercise jurisdiction to review the BIA's decision to streamline an asylum case, a question arguably left open by *Falcon Carriche*, 350 F.3d at 855. Even if petitioner's case could not properly have been streamlined under § 1003.1(e)(4)(B), as he argues, it could properly have been streamlined under § 1003.1(e)(4)(A).

Muniz–Navarette states in his principal brief that the AWO regulation denies him a statutory right to appeal conferred by 8 U.S.C. § 1101(a)(47) but provides no legal argument or citation to authorities in support of this conclusion. Nor does he provide any support for his bare assertion that § 1101(a)(47) demands that the Board provide "meaningful" review not provided by a summary affirmance. *Cf. Falcon Carriche*, 350 F.3d at 850 (stating that a summary affirmance is "all of the administrative appeal[ ] to which [a petitioner is] entitled by statute"). Because this court "will not consider any claims that were not *actually argued* in appellant's opening brief," *Independent Towers of Washington v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (citation omitted and emphasis added), and because "the summary mention of an issue ... without reasoning in support of the appellant's argument[ ] is insuffi-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

cient to raise the issue on appeal," *Hilao v. Estate of Marcos,* 103 F.3d 767, 778 n. 4 (9th Cir.1996), Muniz–Navarette has not preserved his statutory argument. We therefore need not address it.

■ The BIA's use of the affirmance without opinion procedure does not violate Muniz–Navarette's due process rights. *Falcon Carriche,* 350 F.3d at 850.

■ 3. Finally, we lack jurisdiction to review the IJ's determination that Muniz–Navarette is ineligible for voluntary departure under 8 U.S.C. § 1229c(b). *See* 8 U.S.C. § 1229c(f).

PETITION FOR REVIEW DENIED.