UNITED STATES of America,
Plaintiff—Appellee,

v.

Bertin Jesus CORTES–LUIS,
Defendant—Appellant.

No. 05–30511.

United States Court of Appeals,
Ninth Circuit.

---

**610**

Submitted July 24, 2006.*

Filed July 26, 2006.

Vincent T. Lombardi, Esq., USSE—Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

Zenon P. Olbertz, Esq., Tacoma, WA, for Defendant–Appellant.

Before: WALLACE, WARDLAW, and FISHER, Circuit Judges.

* This panel unanimously finds this case suitable for decision without oral argument. *See*

## MEMORANDUM **

Bertin Cortes–Luis appeals the district court's denial of his motion to withdraw his guilty plea and his subsequent sentence. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We affirm.

Cortes–Luis argues that the district court abused its discretion in denying his motion to withdraw his plea, contending that his plea was involuntary and that his counsel promised him a lower sentence. The district court found that his plea was knowing and voluntary.

▬▬ During Cortes–Luis's plea colloquy, the district court questioned him thoroughly about whether he was pleading guilty out of his own free will, whether anyone had promised him a certain sentence if he pled guilty, and whether he understood the consequences of his actions. It appears that Cortes–Luis sought to withdraw his guilty plea once he realized that his sentence could be greater than what he thought it would be. Under our case law, this is not a valid reason for withdrawal of a guilty plea. *See United States v. Nostratis,* 321 F.3d 1206, 1211 (9th Cir.2003) ("Defendants cannot plead guilty to test the weight of potential punishment and then withdraw their plea if the sentence is unexpectedly severe" (internal quotation marks and citation omitted)). On appeal, Cortes–Luis has the burden to demonstrate that the district court abused its discretion in denying the motion to withdraw the plea. *See United States v. Signori,* 844 F.2d 635, 637 (9th Cir.1988). We conclude that he has not met this burden.

▬▬ Cortes–Luis next contends that the district court clearly erred in finding him ineligible for the sentencing safety valve in 18 U.S.C. § 3553(f). Although this issue is listed in his statement of issues and in his summary of argument, there is no actual argument on this claim in the brief. We therefore need not address it. *See Indep. Towers v. Washington,* 350 F.3d 925, 929 (9th Cir.2003); *D.A.R.E. America v. Rolling Stone Magazine,* 270 F.3d 793, 793 (9th Cir.2001); *Greenwood v. FAA,* 28 F.3d 971, 977 (9th Cir.1994). In any event, based on our review of the record, the district court did not clearly err in finding that Cortes–Luis failed to satisfy the fifth prong of 18 U.S.C. § 3553(f).

▬▬ Finally, Cortes–Luis argues that the district court erred in failing to decrease his offense level for being a minor participant. However, Cortes–Luis was sentenced to the statutory mandatory minimum. "[The] district court does not have the discretion to consider mitigating factors and cannot apply the downward departures of the Sentencing Guidelines to reduce a sentence below the minimum mandated by Congress." *United States v. VanDoren,* 182 F.3d 1077, 1083 (9th Cir. 1999) (internal quotation marks and citation omitted). This argument is without merit.

**AFFIRMED.**

▬▬▬▬

Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.