Linda L. CLARK; et al., Plaintiffs—Appellants,

v.

CAPITAL CREDIT & COLLECTION SERVICES, INC., an Oregon corporation; et al., Defendants—Appellees.

Linda L. Clark; et al., Plaintiffs—Appellees,

v.

Capital Credit & Collection Services, Inc., an Oregon corporation; et al., Defendants,

and

Jeffrey I. Hasson, Defendant—Appellant.

Linda L. Clark; et al., Plaintiffs—Appellees,

v.

Capital Credit & Collection Services, Inc., an Oregon corporation; et al., Defendants—Appellants,

and

Jeffrey I. Hasson, Defendant.

Nos. 04–35563, 04–35842, 04–35795.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 5, 2005.

Filed Aug. 24, 2006.

Danny H. Gerlt, Esq., Portland, OR, for Plaintiffs—Appellants.

William R. Goode, Esq., Thomas W. Brown, Esq., Cosgrave Vergeer Kester, LLP, Portland, OR, for Defendants—Appellees.

Before: BROWNING, D.W. NELSON, and O'SCANNLAIN, Circuit Judges.

## MEMORANDUM *

In their action pursuant to the federal Fair Debt Collection Practices Act and the Oregon Unfair Debt Collection Practices Act, Linda and Jerry Clark appeal the district court's order granting summary judgment and the jury verdict on the trial of a residual issue. Capital Credit & Collection Services, Inc. ("Capital"), Janine

---

Brumley, and Jeffrey Hasson cross-appeal, challenging the district court's post-trial denial of attorney's fees under Oregon law.

In this memorandum disposition, we affirm the district court's grant of summary judgment as to 15 U.S.C. §§ 1692g(b) and 1692e(3) and denial of attorney's fees. We address the remaining issues raised on appeal in a separate opinion.

## I.

### Clark Appeal

■ Appellants' argument that appellees violated 15 U.S.C. § 1692g(b) is without merit. Uncontroverted evidence demonstrates that appellees obtained an itemized statement of the alleged debt from the creditor and mailed that verification to appellants before sending further collection notices or initiating legal action.

■ Though appellants argue that the verification letter sent by Hasson constituted a violation of 15 U.S.C. § 1692e(3), they do not point to evidence supporting their contention that Hasson did not make an independent evaluation of the alleged debt. *See Newman v. Checkrite California*, 912 F.Supp. 1354, 1382–83 (E.D.Cal. 1995).

Thus, no reasonable trier of fact could find in favor of the Clarks on either claim, so summary judgment was proper. *See Far Out Productions, Inc. v. Oskar*, 247 F.3d 986, 996 (9th Cir.2001); Fed. R. Civ. Pro. 56(c).

■ By failing to point to facts in the record and provide legal arguments supporting their conclusions, appellants waived their claims that appellees collection efforts constituted unlawful collection

practices under the Oregon Unfair Debt Collection Practices Act and that they were "precluded from receiving a fair and impartial adjudication of their claims" at the trial of the issue not adjudicated at summary judgment.[1]

We "cannot manufacture arguments for an appellant" and review only issues that are argued "specifically and distinctly" in the opening brief. *Independent Towers of Washington v. Washington*, 350 F.3d 925, 929 (9th Cir.2003).

## II.

### Capital, Brumley & Hasson Cross–Appeal

■ On appeal, Capital, Brumley, and Hasson argue that the district court applied an incorrect standard to deny attorneys' fees under O.R.S. § 646.641(2). Though it did not provide a detailed discussion of each of the factors identified in O.R.S. 20.075(1), the district court indicated clearly that it had considered and applied all of those factors to appellees' motions. The discussion "describe[d] the relevant facts and legal criteria for the court's decision to ... deny attorney fees in ... terms that are sufficiently clear to permit meaningful appellate review." *McCarthy v. Oregon Freeze Dry, Inc.*, 327 Or. 84, 957 P.2d 1200, 1209 (1998)

Moreover, Oregon case law holding that "normally a 'prevailing party' would be entitled to recover attorney fees, barring unusual circumstances which might arise in any particular case," *Executive Management Corp. v. Juckett*, 274 Or. 515, 547 P.2d 603, 605 (1976), did not bind the district court because that law relates to

---

1. Our separately filed opinion reversing the district court's grant of summary judgment on the Clarks' § 1692c(c) claim with respect to Capital and Brumley has no effect on our holding here. A jury has determined that

Brumley's conversation with Linda Clark on July 30, 2002, did not violate any other provision of the FDCPA, and that issue may not be litigated further.

attorneys' fees under Oregon's Residential Landlord and Tenant Act, not the Unfair Debt Collection Practices Act.

Thus, the district court neither abused its discretion nor applied an incorrect legal standard to deny attorneys' fees.

**AFFIRMED.**

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.