MEMORANDUM *
Ronnie Baxter (“Baxter”), a former Nevada Department of Corrections (“NDOC”) inmate, appeals from the judgment in favor of Dr. Ted D’Amico (“D’Amico”), the NDOC’s former medical director, following a jury trial on his Eighth Amendment deliberate indifference claim. Baxter also appeals the district court’s pretrial dismissal of his pendant state law negligence claim.[1]
I.
While Baxter was in and out of prison between 2001 and 2006, he suffered a serious medical ear condition. The jury found that D’Amico was not liable under the Eighth Amendment for denying Baxter a specific surgical procedure to treat that condition.
*698 On appeal, Baxter seeks a new trial based on alleged errors in the jury instructions and evidentiary rulings. Baxter’s assertions of error with respect to three evidentiary rulings are unavailing. First, the district court did not abuse its discretion in excluding the 2006 audiology test because Baxter failed to produce it to the defense prior to trial, and neglected to authenticate it. See United States v. Pang, 362 F.3d 1187, 1192-93 (9th Cir. 2004). Second, the district court did not abuse its discretion in allowing Dr. Carrison (“Carrison”) to testify. See Tritchler v. County of Lake, 358 F.3d 1150, 1155 (9th Cir.2004). Contrary to Baxter’s assertions, Carrison did not testify as an expert, and therefore, the defense was not required to produce an expert report regarding his testimony. See Fed.R.Civ.P. 26(a)(2)(B). Further, Baxter had fair notice regarding Carrison’s testimony, and was able to cross-examine him effectively. Finally, Baxter’s assertions of error regarding the district court’s limitations on Dr. Clark’s testimony are unavailing because Baxter did not object to those limitations at trial, and, in fact, agreed to them. See Phoenix v. Com/Systems Inc., 706 F.2d 1033, 1038-39 (9th Cir.1983) (failure to object to admission of testimony in district court may constitute waiver).
Baxter’s claims of instructional error are equally unpersuasive. His challenges to jury instruction Nos. 4, 20, 21, and 23 are waived based on his failure to support his assertions of error with any explanation or citation to legal authority. See Independent Towers of Washington v. Washington, 350 F.3d 925, 929-30 (9th Cir.2003). His challenges to jury instruction Nos. 5, 14, and 15, are unavailing. Jury instruction No. 5, regarding Baxter’s
possession of a medical services card, was a limiting instruction advising the jury that it could only consider that evidence for purposes of whether Baxter sought treatment for his condition while he was out on parole, and for no other purpose. This instruction, so limited, did not impact the jury’s consideration of liability, since it was elsewhere advised of the proper standard for Eighth Amendment liability. Further, to the extent this instruction improperly caused the jury to consider mitigation of damages, there was no error. See Smith v. Wade, 461 U.S. 30, 34, 103 S.Ct. 1625, 75 L.Ed.2d 632 (1983) (explaining that § 1983 is a “species of tort liability,” and explicitly endorsing reliance on common law tort principles in interpreting the statute); Haygood v. Younger, 769 F.2d 1350, 1359 (9th Cir.1985) (implicitly recognizing that a jury may consider mitigation of damages in a § 1983 case).[2] Baxter’s challenge to jury instruction No. 14 is also unpersuasive because it was almost identical to the model instruction, clearly stated the law, and did not mislead the jury. See White v. Ford Motor Co., 312 F.3d 998, 1012 (9th Cir.2002); United States v. Hernandez-Escarsega, 886 F.2d 1560, 1570 (9th Cir. 1989). Likewise, jury instruction No. 15, while not the specific jury instruction Baxter requested, accurately stated the law. Further, Baxter’s requested instruction was reflected in another instruction given to the jury. Hernandez-Escarsega, 886 F.2d at 1570.
II.
With respect to the district court’s dismissal of Baxter’s state negligence claim, we reverse, remand, and order dismissal without prejudice. The district court dismissed Baxter’s negligence claim against *699 D’Amico pursuant to Nevada Revised Statute (“NRS”) 41.032(2), which affords immunity to state officials whose challenged acts are discretionary, as opposed to ministerial, in nature. See Martinez v. Maruszczak, 123 Nev. 433, 168 P.3d 720, 727 (2007). Following the district court’s dismissal of this claim, and after Baxter’s jury trial on federal claims, the Nevada Supreme Court limited NRS 41.032(2)’s application in a way that arguably benefits Baxter. Id. at 729. Under Nevada’s new test, “to fall within the scope of discretionary-act immunity, a decision must (1) involve an element of individual judgment or choice and (2) be based on considerations of social, economic, or political policy.” Id.
This court must apply state law as defined by the highest state court at the time of the appellate decision even if the law is altered after entry of the district court’s judgment. Nelson v. Brunswick Corp., 503 F.2d 376, 381 (9th Cir.1974). Based on the record before us, it is unclear whether D’Amico’s decision regarding Baxter’s surgery would qualify for immunity under Martinez. Accordingly, we vacate the district court’s order dismissing Baxter’s negligence claim and remand. See Bates v. United Parcel Service, Inc., 511 F.3d 974, 997 (9th Cir.2007). However, in light of our affirmance of the judgment on Baxter’s federal claims, and the pendant nature of his state law negligence claim, we recognize that the district court may lack subject matter jurisdiction under the sole remaining state law claim. Accordingly, we remand to the district court with instructions to dismiss the case without prejudice so that Baxter may pursue his claim in state court. See Holly D. v. Cal. Institute of Technology, 339 F.3d 1158, 1181 n. 28 (9th Cir.2003) (“[W]ith the federal claims finally disposed of, the appropriate forum for addressing the state law claims is clearly the state court.”). Although the federal case has likely tolled any applicable statute of limitations, see 28 U.S.C. § 1367(d), Baxter must act promptly if he wishes to re-file his claim in state court.
III.
Based on the foregoing, the judgment on Baxter’s Eighth Amendment claim is AFFIRMED, and the order dismissing his state law negligence claim is VACATED and REMANDED with instructions to dismiss the case without prejudice.
Each party shall bear its own costs on appeal.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Because the parties are familiar with the facts of the case, we repeat them here only as necessary.

. In any event, the jury never reached the issue of damages as it found D'Amico not liable.