**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

AUG 3 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SHAWN BEDWELL, an individual, | No. 21-56245 |
| Plaintiff-Appellant, | D.C. No. 5:21-cv-01340-JGB-SP |
| v. | |
| TBLB ENTERPRISES LLC, a California limited liability company; SUPER 7 FOOD MART, INC., a California corporation; DOES, 1-10, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Submitted August 1, 2022**
Pasadena, California

Before: SILER,*** CALLAHAN, and H. THOMAS, Circuit Judges.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Shawn Bedwell ("Bedwell") appeals from the district court's order granting Defendants TBLB Enterprises LLC and Super 7 Food Mart, Inc.'s ("Defendants") motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction on the grounds that Bedwell's Americans with Disabilities Act ("ADA") claims are moot. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review a grant of a motion to dismiss under Rule 12(b)(1) de novo. *Banks v. Northern Trust Corporation*, 929 F.3d 1046, 1049 (9th Cir. 2019). Bedwell's sole argument on appeal is that the district court erred by considering extrinsic evidence at the Rule 12(b)(1) motion to dismiss phase, and our review is necessarily framed by the parties' arguments on appeal. *See United States v. Sineneng-Smith*, 140 S. Ct. 1575, 1579 (2020) ("In our adversarial system of adjudication, we follow the principle of party presentation," under which "'we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present.'" (citation omitted)); *see Independent Towers of Washington v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) ("Our circuit has repeatedly admonished that we cannot 'manufacture arguments for an appellant' and therefore we will not consider any claims that were not actually argued in appellant's opening brief." (citation omitted)).

To contest a plaintiff's showing of subject matter jurisdiction, a defendant may file two types of Rule 12(b)(1) motions: a facial attack, which challenges jurisdiction "facially," by arguing that the allegations contained in the complaint are insufficient on their face to invoke federal jurisdiction, or a "factual" attack, which presents extrinsic evidence (affidavits, etc.) disputing the truth of the allegations of the complaint that would otherwise invoke federal jurisdiction. *See Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004); *see also Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). As the parties agree, Defendants' motion mounted a "factual" attack on jurisdiction.

The narrow issue presented by Bedwell on appeal is whether the district court erred in considering extrinsic evidence of mootness on a Rule 12(b)(1) motion to dismiss. It did not. A district court may properly consider extrinsic evidence on a "factual" motion to dismiss under Rule 12(b)(1), *see Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003); but it may not decide genuinely disputed facts where "the question of jurisdiction is dependent on the resolution of factual issues going to the merits." *Safe Air*, 373 F.3d at 1040 (internal quotations and citations omitted); *Rosales v. United States*, 824 F.2d 799, 803 (9th Cir. 1987). Contrary to Bedwell's contentions, the unpublished decision in *Acevedo v. C & S Plaza LLC*, 2021 WL 4938124 (9th Cir. 2021), does not stand for the proposition that a district court may never consider extrinsic evidence in the

3

context of a factual Rule 12(b)(1) motion to dismiss where these issues are intertwined. There, we vacated the district court's grant of a motion to dismiss because genuine disputes of material fact existed regarding the jurisdictional issues, not because the district court considered extrinsic evidence on a Rule 12(b)(1) motion. *Id.* at *2.

Accordingly, the district court did not err by considering extrinsic evidence in deciding Defendants' motion to dismiss under Rule 12(b)(1) on mootness grounds.[1]

**AFFIRMED.**

---

[1] Bedwell does not contest the district court's factual findings on the merits on appeal, so we need not address them either.