Frederick A. CRATSLEY, Jr., Plaintiff,

v.

The PITTSBURGH AND LAKE ERIE RAILROAD COMPANY, a corporation, Defendant.

Civ. A. No. 66–1495.

United States District Court
W. D. Pennsylvania.

Sept. 1, 1967.

Herbert B. Lebovitz, of Lebovitz & Lebovitz, Pittsburgh, Pa., for plaintiff.

G. Edward Yurcon, Pittsburgh, Pa., for defendant.

## OPINION AND ORDER

MARSH, District Judge.

The plaintiff, Frederick A. Cratsley, Jr., brought this action under the Federal Employers' Liability Act,[1] alleging that on February 25, 1964, while employed by The Pittsburgh and Lake Erie Railroad Company, due to the negligence of a fellow employee, he sustained an injury while at work for the railroad which has resulted in permanent and total disability.

The complaint was filed on December 20, 1966, over 11 years after the accident. The defendant railroad in its answer invokes the three year statute of limitations contained in the Act and pleads a release executed by the plaintiff on September 20, 1954, in full settlement of defendant's liability for the damages allegedly sustained as a result of the 1954 accident. Plaintiff's deposition was taken. Answers to interrogatories were filed by both parties. The defendant moved for summary judgment asserting that the pleadings, deposition, and answers to the interrogatories filed disclose that there is no genuine issue of

1. 45 U.S.C.A. §§ 51–60.

material fact and that the action is barred by the three year statute of limitations. Neither party filed affidavits.

In his complaint the plaintiff alleges (1) that since the accident, he has been continuously mentally disturbed and incompetent and could not remember the details of the accident until August, 1965, and (2) that the defendant is estopped from raising the three year limitation because its representatives told him that the defendant railroad "would never close his case and always honor his claim for him if he would sign certain papers which the Plaintiff signed and the Defendant now has in its possession." The complaint was sworn to by the plaintiff.

His deposition, although replete with unanswered questions, evasive answers, and unwarranted interruptions by his counsel, reveals that while he was mentally disturbed and at least partially incompetent, the defendant's claim agent told him "the case will never be closed and we will take care of you and you will never have anything to worry about", which statements he understood to mean that if the injury affected him more seriously than he then had reason to believe "they would make adjustments * * * in compensation of some sort." (Deposition, p. 75.) Plaintiff's reliance on the oral promises is implicit in his testimony. At this stage of the proceeding, we must accept as true plaintiff's testimony that while he was in a weakened mental state, the defendant's agent made the aforesaid promises and inducements and that plaintiff relied upon them. It is true that portions of plaintiff's testimony are inconsistent with that above quoted. However, as stated in Longo v. Pittsburgh and Lake Erie Railroad Co., N. Y. C. Sys., 355 F.2d 443, 445 (3d Cir. 1966), "in our judgment the present record does not disclose admitted or otherwise established facts which *conclusively* refute the plaintiff's assertion of the reason for his failure to sue within the statutory period." (Emphasis ours.) The claim agent involved was identified. The defendant did not present an affidavit of this claim agent denying the alleged promises attributed to him. It follows that the granting of summary judgment would be error. Glus v. Brooklyn Eastern Terminal, 359 U.S. 231, 79 S.Ct. 760, 3 L.Ed. 2d 770 (1959); Fravel v. Pennsylvania R. Co., 104 F.Supp. 84 (D.Md.1952). In the latter case the three year statute of limitations was tolled by, inter alia, a representation by the railroad's claim agent that suit might be brought at any time if injuries should be found to be permanent. The plaintiff, Fravel, failed to bring suit prior to 11 years after the accident. The opinion contains quotations from Scarborough v. Atlantic Coast Line R. Co., 178 F.2d 253 (4th Cir. 1949), some of which are quite pertinent to the case under consideration.

■ The defendant in its answer denies that any of its representatives made any promises or representations as alleged by plaintiff, thereby creating genuine issues of material fact which preclude summary judgment. Rule 56(c), Fed. R.Civ.P.

■ In addition, it is well settled that under federal law which governs F.E. L.A. cases that the validity of a release becomes a factual issue for the jury if, as here contended, the release was executed under a mutual mistake of fact as to uncontemplated permanent and total disability resulting from the injuries, or pursuant to misrepresentations. Dice v. Akron, C. & Y. R. Co., 342 U.S. 359, 72 S.Ct. 312, 96 L.Ed. 398 (1952); Marshall v. New York Central Railroad Company, 218 F.2d 900 (7th Cir. 1955).

Summary judgment will be denied.