**William D. CARY, Plaintiff-Appellant,**

v.

**GREAT NORTHERN RAILWAY COM-PANY, Defendant-Appellee.**

**No. 26300.**

United States Court of Appeals,
Ninth Circuit.

Sept. 19, 1972.

William G. Sternhagen (argued), Gene A. Picotte, of Loble, Picotte & Loble, Helena, Mont., for plaintiff-appellant.

Myron E. Pitch (argued), Ward A. Shanahan (argued), Edwin S. Booth, of Gough, Booth, Shanahan & Johnson, Helena, Mont., for defendant-appellee.

Before HAMLEY and GOODWIN, Circuit Judges, and WALLACE,* District Judge.

ALFRED T. GOODWIN, Circuit Judge:

William Cary appeals from a judgment in favor of the defendant railroad following a jury trial on the validity of a release.

Cary, a railway clerk, complained of a back injury in 1965. After two years of on-and-off negotiation with the railroad's claims agent, Cary settled his claim for $29,500. Thereafter, he commenced this Federal Employers' Liability Act action for damages.

The railroad defended on the basis of settlement, and the court ordered a separate trial on the segregated issues concerning the execution of the written release which memorialized the settlement.

The principal question tried to the jury was whether the claims agent had promised Cary that if he signed the release he would receive a Railway Retirement Act pension as well as the cash settlement. This issue was vigorously disputed, and tended to dominate all other issues during the trial. On a special interrogatory submitted under Fed.R.Civ. P. 49(a), the jury found that the claims agent had made no such promise or representation. The district judge accordingly entered judgment for the railroad.

On appeal, Cary presents various assignments of error, but the only point deserving discussion is whether Cary's evidence required the court as a matter of law to submit to the jury either a general verdict on the validity of the release or sufficient additional interrogatories to obtain a jury decision on the whole catalog of infirmities Cary had alleged against the release.

Cary asserted that the release had been obtained by fraud, deceit, oppression, unconscionable advantage, the exploitation of the disparity of education between the worker and the agent, the exploitation of physical and mental incapacity, and undue influence and overreaching in general.

Cary was allowed to place before the jury a vast amount of evidence about the general poverty and adversity that had befallen him as the result of his inability to work at his former employment and as the result of his wife's poor health. He now contends that all this evidence was a proper foundation for instructions which he requested and for the submission to the jury of a general verdict on the validity of the release. We cannot agree. Much of this evidence was irrelevant and was received over objection. But, of the competent evidence of poverty, disparity of education, and other evidence calculated to appeal generally to the sympathy of the jury, none was shown to have been connected to any misconduct on the part of the agent.

Technically, there may have been a jury question on a peripheral issue whether the agent discouraged Cary from seeking the services of an attorney. Assuming that Cary's equivocal assertion on this point and the agent's denial

* The Honorable J. Clifford Wallace, United States District Judge for the Southern District of California, sitting by designation; now United States Circuit Judge.

made a jury question, we are satisfied that its submission would not have changed the result in this case.

Cary said he had made an exploratory call to an attorney, but did not pursue the matter because the attorney "had left town" when he called. Cary's evidence shed no other light on this aspect of the case. He acknowledged that he had employed an attorney in connection with a claim against the same railroad resulting from an earlier back injury. The results in that case apparently had not commended themselves to Cary, and the jury in this case could have decided that Cary preferred to proceed on his own. In any event, the burden was upon Cary, under Rule 49(a), to ask to have the issue submitted, and he made no such request.

The dominant issue of the alleged misrepresentation was fully and fairly tried to the jury, and the jury's special verdict on that issue is entitled to finality.

■ While it might have been more satisfactory, in light of hindsight, to have submitted the plaintiff's entire theory to the jury, we are satisfied that there was so little evidence to support the plaintiff's general allegations of overreaching and undue influence that any error the district judge may have made in the narrowing of the issue submitted was a harmless error.

In choosing to employ the blunderbus approach, Cary produced a great mass of evidence of marginal relevancy and no evidence at all to support most of his exaggerated charges of overreaching. He now asks this court to search through the evidentiary haystack for a needle with which to fault the trial judge. This record does not present a proper case for such an operation.

Affirmed.