David L. TURNER, Appellee,

v.

**BURLINGTON NORTHERN
RAILROAD COMPANY, a
corporation, Appellant.**

**Joseph P. Inserra; John P. Inserra; Jerome Wise and the Inserra Law
Offices, a professional corporation.**

No. 84–2379.

United States Court of Appeals,
Eighth Circuit.

Submitted May 16, 1985.

Decided Aug. 15, 1985.

Rehearing Denied Sept. 18, 1985.

**342**

Rodney M. Confer, Lincoln, Neb., for appellant.

Donald L. Rudquist and Barbara J. Rudquist, Minneapolis, Minn., for appellee.

Before HEANEY, Circuit Judge, HENLEY, Senior Circuit Judge, and McMILLIAN, Circuit Judge.

McMILLIAN, Circuit Judge.

Burlington Northern Railroad Co. (Burlington Northern) appeals from a final judgment entered in the District Court for the District of Nebraska upon a jury verdict in favor of David L. Turner. Burlington Northern sought specific performance of an agreement entered into by Turner's attorney to settle Turner's personal injury claim against Burlington Northern. For reversal Burlington Northern argues that the district court erred in (1) granting a jury trial on Burlington Northern's counterclaim for specific performance of the settlement agreement, (2) denying its motion for judgment notwithstanding the verdict, (3) instructing the jury that Burlington Northern had the burden to prove that Turner's attorney was authorized to enter into the settlement agreement, (4) instructing the jury that the standard for determining whether a client has authorized his attorney to accept an offer is a subjective standard, and (5) admitting evidence and permitting argument on improper and prejudicial matters. For the reasons discussed below, we reverse and remand.

Turner was injured on May 18, 1981, and again on January 20, 1982, while working as a machinist for Burlington Northern. As a result of these injuries he was referred by Burlington Northern's doctor to an orthopedic surgeon who performed surgery on Turner's lower back in February 1982. As a result of these injuries Turner was disqualified from continuing his employment as a machinist with Burlington Northern.

Turner brought suit under the Federal Employers' Liability Act, 45 U.S.C. § 51 *et seq.* (1982) (FELA), in federal district court. Turner hired the Inserra Law Office in Omaha, Nebraska, to represent him in his FELA suit. He was notified by his attorneys sometime in September 1982 that the trial of his case was set to begin in Lincoln, Nebraska, on Friday, September 24, 1982. The attorneys requested that Turner come to their offices on September 23, 1982, to prepare for trial. On September 23, 1982, prior to going to the Inserra Law Office, Turner met with Herbert Friedman, a Lincoln, Nebraska, attorney who specializes in the handling of FELA claims. Turner indicated that he was anxious about the upcoming trial and asked Friedman if being unmarried and charged with possession of marijuana could adversely affect his case. Friedman informed Turner that he did not wish to become involved in the case because the trial was set for the following day.

Following this meeting with Friedman, Turner went to the Inserra Law Office for the scheduled appointment. Turner testified that he met with John Inserra and Joseph Wise, Inserra's investigator, for two or three hours and discussed his case. Turner testified that Wise and Inserra re-

peatedly emphasized that the jury would not like him because he was single and had been charged with possession of marijuana and because his doctor's testimony would be unfavorable. Several times during these conversations, Inserra sent Wise and Turner out of his office while he contacted Burlington Northern to attempt to negotiate a settlement. After several telephone conversations between Inserra and Burlington Northern, Inserra informed Turner that Burlington Northern had made a final offer of $85,000 if Turner would relinquish his seniority rights with Burlington Northern or a lesser amount if Turner chose to retain his seniority rights and to continue working at Burlington Northern. The gross amount of the settlement would be reduced by $12,000 to $13,000 that Turner had already received. Inserra and Wise testified that Turner stated that he would take the $85,000. Turner testified that he replied, "I suppose I'm going to have to settle and I'll call you." Turner further testified that upon arriving home he called the Inserra Law Office to tell them that he did not want to settle his case. Turner subsequently refused to accept the settlement check from Burlington Northern. Several days later Turner returned to the Inserra office and obtained his file. Turner then hired other counsel to represent him in his action against Burlington Northern.

On September 26, 1982, Turner amended his complaint to add a charge of malpractice against his former attorneys and Joseph Wise, their investigator. On November 30, 1982, Burlington Northern filed an amended answer and counterclaim requesting specific performance of the settlement agreement entered into on September 23, 1982, between Burlington Northern and Turner through his attorney, Inserra. Burlington Northern's request for a trial to the court on the counterclaim was denied, but the district court granted a separate jury trial on the specific performance counterclaim. A jury returned a verdict in favor of Turner on the counterclaim. Burlington Northern's motion for certification under Fed.R.Civ.P. 54(b) was granted and this

appeal followed. Turner's FELA and malpractice claims are pending in the district court.

Burlington Northern first argues that the district court erred in granting a jury trial on the counterclaim because the counterclaim sought specific performance, an equitable remedy, and was therefore properly triable to the court and not to a jury. Burlington Northern further argues that historically there was no right to a jury trial in an equitable suit for specific performance and that the rules of pleading and procedure, although liberalized, have not expanded the scope of the right to trial by jury. Turner argues that his right to a trial by jury may not be denied by Burlington Northern's styling its counterclaim as a suit for specific performance rather than one for accord and satisfaction, breach of contract or release.

Burlington Northern correctly states the general rule that "[a]n action for specific performance without a claim for damages is purely equitable and historically has ... been tried to the court," *Owens-Illinois, Inc. v. Lake Shore Land Co.*, 610 F.2d 1185, 1189 (3d Cir.1979); *see Klein v. Shell Oil Co.*, 386 F.2d 659, 663 (8th Cir.1967); 9 C. Wright & A. Miller § 2309 (1971). Our inquiry, however, must proceed beyond this traditional means of determining whether a right to a jury trial exists. The seventh amendment, guaranteeing the right to jury trials, does not bar Congress or the Supreme Court from expanding the right to jury trials to cases which were traditionally tried to the court. Congress has on rare occasions extended this right in this manner. E.g., The Great Lakes Act of 1845, 28 U.S.C.A. § 1873 (1982) (jury trial granted for claims which had previously been tried to the court in admiralty; upheld as constitutional in *The Genesee Chief v. Fitzhugh*, 53 U.S. 443, 459–60, 12 How. 443, 13 L.Ed. 1058 (1851)). In a series of cases, the Supreme Court, recognizing a strong federal policy favoring trial by jury, has extended the right to a jury trial beyond its historic boundaries. *Ross v. Bernhard*, 396 U.S. 531, 538–39, 90 S.Ct. 733, 738–39, 24

L.Ed.2d 729 (1970); *Fitzgerald v. U.S. Lines Co.*, 374 U.S. 16, 21, 83 S.Ct. 1646, 1650, 10 L.Ed.2d 720 (1963); *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 477–78, 82 S.Ct. 894, 899–900, 8 L.Ed.2d 44 (1962); *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 504–05, 79 S.Ct. 948, 953–54, 3 L.Ed.2d 988 (1959). These cases demonstrate that the historic distinction between law and equity, although still the standard for determining when a jury trial is constitutionally required, is no longer the only factor in determining if a trial by jury will be granted in "equity" cases.

In the present case, Burlington Northern filed a counterclaim for specific performance, an equitable action, rather than asserting an affirmative defense. A right to a trial by jury may not be made to depend on "the choice of words used in a pleading." *Dairy Queen v. Woods*, 369 U.S. at 478, 82 S.Ct. at 900. We do not believe that Burlington Northern's choice of an equitable counterclaim as a vehicle for asserting its defense to Turner's claim should deny Turner a trial if Turner otherwise is entitled to a jury trial.

In FELA cases, the Supreme Court has repeatedly emphasized that Congress intended that FELA lawsuits would be tried to the jury. *Dice v. Akron, Canton & Youngstown R.R.*, 342 U.S. 359, 363, 72 S.Ct. 312, 315, 96 L.Ed.2d 398 (1952). The "right to trial by jury is 'a basic and fundamental feature of our system of jurisprudence'" and it is "part and parcel of the remedy afforded railroad workers under the Employers Liability Act," *id.*, *citing Bailey v. Central Vermont R.R.*, 319 U.S. 350, 354, 63 S.Ct. 1062, 1064, 87 L.Ed. 1444 (1943); "to deprive railroad workers of the benefit of a jury trial ... 'is to take away a goodly portion of the relief which Congress has afforded them.'" *Id.* In *Dice*, the Court held that the issue of fraud in the inducement of a release must be tried to a jury, although under applicable state law "it is necessary, before seeking to enforce a cause of action which such release [allegedly induced by fraud] purports to bar, that equitable relief from the release be se-

cured." *Id.* 342 U.S. at 364, 72 S.Ct. at 315, *citing Dice v. Akron, Canton & Youngstown R.R.*, 155 Ohio St. 185, 98 N.E.2d 301, 302 (1951) (state case reversed by *Dice*).

The Third Circuit, in *Callen v. Pennsylvania R.R.*, held that a FELA plaintiff had a right to a jury trial on the question whether a release was the result of mutual mistake. 162 F.2d 832, 833 (3d Cir.1947); *accord Cary v. Great Northern R.R.*, 467 F.2d 1287, 1289 (9th Cir.1972) (jury determined whether a release of a FELA claim was the result of misrepresentation); *Cratsley v. Pittsburgh and Lake Erie R.R.*, 272 F.Supp. 330, 331 (W.D.Pa.1967) (whether release of FELA claim was the result of mutual mistake or misrepresentation was jury question). In *Thorla v. Louisiana Midland R.R.*, the district court, relying on *Callen v. Pennsylvania R.R.*, held that a FELA plaintiff's request that a release be set aside must be tried to a jury. 90 F.Supp. 553 (W.D.La.1950). The district court observed that the pleading of the release by the plaintiff should not affect the right to a jury trial when it was conceded that the issue would have been tried to a jury if the defendant had pleaded the release as an affirmative defense. *Id.* at 554, *citing Callen v. Pennsylvania R.R.*, 162 F.2d at 833.

The Fourth Circuit, in a case factually similar to the present case, held that the validity of a FELA settlement agreement between a railroad and its employee must be submitted to the jury. *Millner v. Norfolk & Western R.R.*, 643 F.2d 1005, 1010 (4th Cir.1981). The railroad in *Millner* pleaded a negotiated settlement as a bar to the FELA action. The plaintiff challenged the authority of his attorney to enter into the settlement agreement. Following an evidentiary hearing on this issue, the district court upheld the settlement as valid and binding upon the plaintiff and dismissed the action with prejudice. The Fourth Circuit reversed and held that the issue of the validity of the settlement must be tried to a jury. *Id.* at 1010. The court stated that "[t]he issue of the validity of the settlement agreement in the instant

case is ... analytically indistinguishable from the issue of the rescission of a release that the *Dice* court held to be for the jury." *Id.*

■ We agree with the analysis of the Fourth Circuit and hold that the district court did not err in granting a jury trial on Burlington Northern's counterclaim.[1] Congress has given FELA plaintiffs the right to trial by jury and this right may not be denied by employers' artful couching of defenses to these claims in equitable actions such as specific performance.

Burlington Northern next argues that the evidence did not raise any substantial factual issues as to the validity of the settlement or the authority of the attorney to enter into the settlement and therefore Burlington Northern was entitled to specific performance of the settlement as a matter of law. Burlington Northern argues that Turner's statement—"I suppose I'm going to have to settle and I'll call you"—is a clear expression of authority to his attorneys to accept the settlement offer.

Turner argues that the evidence was sufficient to support the jury verdict that he did not authorize his attorneys to settle his case. Turner further argues that neither he nor his attorneys believed that the settlement was final until he signed the resignation letter and the release papers.

■ "[A]n attorney of record may not compromise, settle, or consent to a final disposition of his client's case without express authority." *Thomas v. Colorado Trust Deed Funds, Inc.*, 366 F.2d 136, 139 (10th Cir.1966). The rules for determining whether authority has been given by the client are the same as those which govern other principal-agent relationships. *Prate v. Freedman*, 583 F.2d 42, 48 (2d Cir.1978); *Brinkley v. Farmers Elevator Mutual Insurance Co.*, 485 F.2d 1283, 1286 (10th Cir.1973); *Committee on Professional Ethics & Grievances v. Johnson*, 447 F.2d 169, 174 (3d Cir.1971). "[A]uthority to do

an act can be created by written or spoken words or the conduct of the principal which, reasonably interpreted, causes an agent to believe that the principal desires him [or her] to act in a particular manner on the principal's account." *System Investment Corp. v. Montview Acceptance Corp.*, 355 F.2d 463, 466 (10th Cir.1966). "Agency is a legal concept which depends on the manifest conduct of the parties, not on their intentions or beliefs as to what they have done." Restatement (Second) of Agency § 1 comment a (1958). Considering the evidence in the light most favorable to Turner, we do not believe that Burlington Northern was entitled to judgment as a matter of law. *Dewitt v. Brown*, 669 F.2d 516, 523 (8th Cir.1982). Reasonable persons could differ as to whether Turner's statements and actions constituted an express authorization to his attorneys to accept Burlington Northern's settlement offer.

Burlington Northern next argues that the district court erred in instructing the jury that Burlington Northern had the burden of persuasion on the question of the authority of Turner's attorney to enter into the agreement. Burlington Northern argues that this instruction was prejudicial and grounds for reversal because the jury in a special interrogatory found that Burlington Northern had not met its burden of proof.

Turner argues that Burlington Northern had the burden of establishing the validity of the settlement agreement because Burlington Northern sought to enforce the agreement. Turner argues that Burlington Northern must prove that his attorney had his express authority to settle the case. Turner further argues that he met his burden of producing evidence to overcome the presumption of the validity of the settlement and the authority of the attorney to enter into the agreement.

■ Once it is shown that an attorney has entered into an agreement to settle a

---

**1.** We note that Burlington Northern has neither a constitutional right, *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 510, 79 S.Ct. 948, 956, 3 L.Ed.2d 988 (1959); 9 C. Wright & A. Miller, Federal Practice and Procedure § 2317 (1971), nor a statutory right to a court trial of this case.

case, a party who denies that the attorney was authorized to enter into the settlement has the burden to prove that authorization was not given. *Surety Insurance Co. v. Williams,* 729 F.2d 581, 583 (8th Cir.1984); *see Fedders Corp. v. David Distributing Co.,* 710 F.2d 452, 453 (8th Cir.1983). To prevail on his claim that his attorney lacked authority to enter into the settlement Turner carries "a heavy burden to establish that [his attorney] acted without any kind of authority in agreeing to [the settlement]." *Surety Insurance Co. v. Williams,* 729 F.2d at 583; *see Thomas v. Colorado Trust Deed Funds, Inc.,* 366 F.2d at 139. Turner must establish "through competent evidence that [his] attorney lacked ... authority" to enter into the agreement. *Surety Insurance Co. v. Williams,* 729 F.2d at 583. Turner, as the party challenging the settlement, had the burden of proving that his attorney lacked express authority to accept the settlement. We hold therefore that the district court committed reversible error in instructing the jury that Burlington Northern had the burden of proving the authority of Turner's attorney.

Burlington Northern next argues that the district court erred in denying its request for an instruction on ambiguity which stated that an objective standard would apply in interpreting an ambiguous direction of a client to his attorney. Burlington Northern argues that where the client's instructions concerning settlement are ambiguous, the attorney is entitled to act in accordance with a reasonable construction of the instruction.

Jury instructions should be "confined to issues raised by the pleadings in a case and to the facts developed in support of these issues." *Bethel v. Thornbrough,* 311 F.2d 201, 203 (10th Cir.1962); *see Gisriel v. Uniroyal, Inc.,* 517 F.2d 699, 703 (8th Cir. 1975). "A court should refuse a request for an instruction that correctly states a legal abstraction not applicable to the facts." *Daly v. Moore,* 491 F.2d 104, 108 (5th Cir.1974) (citations omitted).

■ The district court held that the facts in the case did not warrant giving Burlington Northern's instruction on ambiguity. Burlington Northern did not indicate to the district court and has not directed our attention to evidence in the record which would support the instruction. Therefore, the district court did not err in refusing to give the requested instruction.

Burlington Northern argues lastly that Turner's counsel was permitted to make statements and arguments to the jury which were neither supported by the evidence nor related to the issues for the purpose of improperly influencing the jury's decision. Burlington Northern argues that the district court erred in overruling its objections and in denying its request for cautionary instructions. Turner argues that many of these issues were raised by Burlington Northern in its opening statement and in its examination of its own witnesses. Turner therefore argues that the district court correctly allowed cross-examination on these and other issues which Burlington Northern raised.

■ Matters relating to the admissibility of evidence and the conduct of trial counsel are governed by the abuse of discretion standard. *Vanskike v. Union Pacific R.R.,* 725 F.2d 1146, 1149 (8th Cir. 1984); *Brewer v. Jeep Corp.,* 724 F.2d 653, 657 (8th Cir.1983). An appellate court will not overturn the decision of a trial court unless the abuse of discretion is "clear and prejudicial." *E.I. duPont de Nemours v. Berkley & Co.,* 620 F.2d 1247, 1272 (8th Cir.1980). We have carefully reviewed the record and hold that the district court did not abuse its discretion in admitting the challenged evidence or in controlling counsel's arguments.

Accordingly, the judgment of the district court is reversed and this case is remanded for further proceedings consistent with this opinion.