PHILIP S. GUTIERREZ, UNITED STATES DISTRICT JUDGE
BACKGROUND
In 2009, a jury found Petitioner guilty of the first degree murder of a Los Angeles Airport Police Officer, carjacking and attempted carjacking, and found that Petitioner was sane at the time of the offenses. In 2010, Petitioner received a sentence of life without the possibility of parole.
The California Court of Appeal affirmed (Respondent's Lodgment 14; People v. Sadowski, 2011 WL 2125039 (Cal. App. May 31, 2011) ). The California Supreme Court summarily denied Petitioner's petition for review on September 14, 2011.
In February of 2012, Petitioner secured the services of attorney Fay Arfa to pursue habeas corpus proceedings. Approximately *1067 ten months later, on December 7, 2012, Ms. Arfa filed on behalf of Petitioner a habeas corpus petition in the Los Angeles County Superior Court.
Four days later, on December 11, 2012, Petitioner (represented by Ms. Arfa) filed in this Court a "Petition for Writ of Habeas Corpus By a Person in State Custody," accompanied by a Memorandum of Points and Authorities. The Petition conceded that a number of Petitioner's claims had not been presented to the California Supreme Court, and hence were unexhausted. The case was assigned to United States Magistrate Judge Ralph Zarefsky.
On March 27, 2013, Respondent filed a "Motion to Dismiss Petition, etc.," contending that certain of Petitioner's claims and portions of claims were unexhausted. On April 25, 2013, Petitioner filed an opposition to the Motion to Dismiss and a "Motion for Stay and Abeyance, etc." ("Motion for a Stay"). In the Motion for a Stay, Petitioner asserted that his unexhausted claims then were pending in the Los Angeles County Superior Court. Petitioner sought a stay pursuant to Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005) (" Rhines") and/or Kelly v. Small, 315 F.3d 1063 (9th Cir.), cert. denied, 538 U.S. 1042, 123 S.Ct. 2094, 155 L.Ed.2d 1077 (2003), overruled on other grounds, Robbins v. Carey, 481 F.3d 1143 (9th Cir. 2007) (" Kelly").
In Rhines, the United States Supreme Court held that a district court, "only in limited circumstances," has the discretion to stay and hold in abeyance a mixed habeas corpus petition pending the exhaustion of state remedies. Rhines, 544 U.S. at 277-78, 125 S.Ct. 1528. In Kelly, prior to Rhines, the Ninth Circuit had held that a district court has discretion to allow a petitioner to amend a mixed petition to delete any unexhausted claims, stay the fully exhausted petition pending exhaustion of the unexhausted claims, and then allow the petitioner to amend the petition to include the newly exhausted claims. Kelly, 315 F.3d at 1070-71.
On June 18, 2013, Respondent filed an opposition to the Motion for a Stay. In this opposition, Respondent stated that Respondent did not oppose a Kelly stay.
On August 30, 2013, the Los Angeles County Superior Court denied Petitioner's habeas petition.
On September 17, 2013, Magistrate Judge Zarefsky granted the unopposed portion of the Motion for a Stay seeking a stay pursuant to Kelly, and granted Petitioner leave to file a First Amended Petition omitting Petitioner's unexhausted claims. Magistrate Judge Zarefsky's order did not directly address the propriety of a Rhines stay. On October 16, 2013, Petitioner filed a First Amended Petition omitting the unexhausted claims.
On February 3, 2014, Petitioner, represented by Ms. Arfa, filed a habeas corpus petition in the California Court of Appeal containing the same claims raised in the Superior Court petition. The Court of Appeal summarily denied this petition on March 13, 2014.
On March 19, 2014, Petitioner, represented by Ms. Arfa, filed in the California Supreme Court a petition for review of the Court of Appeal's denial. The Supreme Court summarily denied the petition for review on May 14, 2014.
On May 22, 2014, Petitioner filed, in the present federal case, a "Motion for Leave to File Second Amended Petition, etc.," seeking leave to file a Second Amended Petition containing Petitioner's newly exhausted claims. Respondent did not oppose the Motion, which this Court granted on June 19, 2014. On August 15, 2014, Respondent filed a motion to dismiss as untimely newly added, newly exhausted *1068 Claims Two, Four, Six and portions of Claims Three and Seven of the Second Amended Petition. Petitioner filed an opposition to the motion to dismiss on December 18, 2014.
On March 25, 2015, Magistrate Judge Zarefsky issued a Report and Recommendation recommending dismissal of claims Two, Four and Seven and portions of claim Three as untimely under 28 U.S.C. section 2244 (d). Judge Zarefsky believed that those claims did not relate back to the date of filing of the original Petition and that equitable tolling did not apply. Petitioner and Respondent both filed objections to the Report and Recommendation.
On May 7, 2015, because of Magistrate Judge Zarefsky's retirement, the case was transferred to Magistrate Judge Eick.
On June 19, 2015, the Court issued an "Order Accepting Findings, Conclusions and Recommendations of United States Magistrate Judge," accepting and adopting in part the March 25, 2015 recommendation, but making certain additional findings and conclusions. The Court thereby dismissed as untimely: (1) Claim Two; (2) the newly exhausted subclaims contained in Claim Three except for Petitioner's claims of ineffective assistance of counsel with respect to prosecutorial misconduct alleged in the original Petition; (3) Claim Four; (4) Claim Six; and (5) Claim Seven to the extent the alleged cumulative error was based on newly exhausted claims not raised in the original Petition.
Respondent filed an Answer to the remaining claims on September 21, 2015. Petitioner filed a Traverse on October 6, 2015.
On December 4, 2015, Magistrate Judge Eick issued a Report and Recommendation recommending denial and dismissal of the remaining claims in the Second Amended Petition with prejudice. On August 12, 2016, the District Judge issued an "Order Accepting Findings, Conclusions and Recommendations of United States Judge." Judgment dismissing the Second Amended Petition with prejudice was entered on that date.
On November 14, 2018, the United States Court of Appeals for the Ninth Circuit issued a memorandum decision: (1) ruling that Magistrate Judge Zarefsky lacked the authority to deny Petitioner's request for a Rhines stay; and (2) affirming the denial of Petitioner's remaining claims on the merits. See Sadowski v. Grounds, 742 Fed. App'x 311, 312 (2018), pet. for cert. filed (No. 18-7145) (Dec. 13, 2018). The Ninth Circuit vacated the judgment in part and remanded the case "with instructions for the district court to review de novo [Petitioner's] April 25, 2013, motion to stay." Id. The Ninth Circuit instructed:
If the district court finds that no Rhines stay was warranted, it may re-impose its June 19, 2015, order. On the other hand, if a stay was warranted, the district court should consider the claims that were deleted from the petition as a result of the denial of the Rhines stay "as if they had never been dismissed." [citation]. The district court shall issue a new judgment once proceedings in that court are complete.
Sadowski v. Grounds, 742 Fed. App'x at 312.
The mandate issued on December 6, 2018. By Minute Order filed December 11, 2018, this Court: (1) ordered Petitioner to file supplemental papers in support of Petitioner's April 25, 2013 Motion for a Stay; (2) ordered Respondent to file supplemental papers in opposition to the Motion for a Stay; and (3) granted Petitioner leave to file supplemental reply papers.
On December 18, 2018, Petitioner filed a "Supplemental Motion to Stay and Abey *1069 Petition Under Rhines v. Weber , 544 U.S. 269, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005)" ("Supplemental Motion for a Stay"). On January 3, 2019, Respondent filed a "Supplemental Opposition, etc." On January 7, 2019, Petitioner filed a "Reply to Supplemental Opposition, etc."
THE SUBJECT CLAIMS ON REMAND
In the June 19, 2015 "Order Accepting Findings, Conclusions and Recommendations of United States Magistrate Judge," this Court ruled that the following newly exhausted claims did not relate back to the filing of the original Petition and therefore were untimely:
1. Claim Two, alleging ineffective assistance of trial counsel in failing to call Petitioner's treating psychiatrist and failing to present evidence of disability payments assertedly made to Petitioner;
2. The subclaims contained in Claim Three alleging that: (a) the prosecutor allegedly violated the "Golden Rule" in closing argument by asking the jurors to put themselves in the victim's position; (b) the prosecutor allegedly vouched for the credibility of witnesses; and (c) Petitioner's newly exhausted claims of ineffective assistance of trial and appellate counsel related to these claims of prosecutorial misconduct;
3. Claim Four, alleging instructional error and related ineffective assistance of trial and appellate counsel;
4. Claim Six, alleging that Petitioner's sentence violated the Eighth Amendment; and
5. The subclaims contained in Claim Seven alleging cumulative error, which concerned asserted errors not alleged in the original Petition.
Had the Court previously granted a Rhines stay, the above claims would have remained in the original, stayed Petition until completion of the exhaustion process, at which point the Court would have lifted the stay and proceeded to adjudicate the merits of the above claims. Thus, if Petitioner were entitled to a Rhines stay, the Court now would reach the merits of these claims on remand. However, if Petitioner were not entitled to a Rhines stay, the Court's June 19, 2015 dismissal of these claims as untimely would stand undisturbed.
DISCUSSION
Under Rhines, a stay of a mixed habeas petition is "only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Rhines, 544 U.S. at 277, 125 S.Ct. 1528 ; see also Jackson v. Roe, 425 F.3d 654, 660-61 (9th Cir. 2005). Under Rhines, "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Rhines, 544 U.S. at 278, 125 S.Ct. 1528.
In his April 25, 2013 Motion for a Stay, Petitioner contends that good cause exists for a Rhines stay because: (1) Petitioner allegedly did not engage in abusive litigation tactics or intentional delay; (2) Petitioner purportedly needed time to hire habeas counsel and investigate habeas claims; (3) Petitioner assertedly "had to file" a protective federal habeas petition to avoid the limitations bar; and (4) Petitioner's appellate counsel allegedly ineffectively failed "to properly raise the issues on appeal" (Motion for a Stay, pp. 7-12). In his Supplemental Motion, Petitioner alleges that ineffective assistance of trial and *1070 "post-conviction counsel" purportedly constituted good cause for a Rhines stay, citing Blake v. Baker, 745 F.3d 977 (9th Cir.), cert. denied, --- U.S. ----, 135 S.Ct. 128, 190 L.Ed.2d 231 (2014) (" Blake") (Supplemental Motion for a Stay, pp. 5-8).[1]
In context, it is evident that by "post-conviction counsel" Petitioner means Petitioner's appellate counsel, not Petitioner's habeas corpus counsel.[2] Petitioner's present attorney does not allege that she rendered ineffective assistance in connection with the habeas proceedings.
"The caselaw concerning what constitutes 'good cause' under Rhines has not been developed in great detail." Dixon v. Baker, 847 F.3d 714, 720 (9th Cir. 2017) (" Dixon"); see Blake, 745 F.3d at 980 ("There is little authority on what constitutes good cause to excuse a petitioner's failure to exhaust."). Good cause under Rhines does not require a showing of "extraordinary circumstances." Jackson v. Roe, 425 F.3d at 661-62. However, a petitioner must do more than simply assert that he was "under the impression" that his claim was exhausted. Dixon, 847 F.3d at 720 (citing Wooten v. Kirkland, 540 F.3d 1019, 1024 (9th Cir. 2008), cert. denied, 556 U.S. 1285, 129 S.Ct. 2771, 174 L.Ed.2d 276 (2009) ). "[G]ood cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify [the failure to exhaust]." Blake, 745 F.3d at 982 (citation and footnote omitted).
In Blake, the Ninth Circuit held that a petitioner can show good cause under Rhines for a failure to exhaust a claim of ineffective assistance of trial counsel by satisfying the good cause standard announced in Martinez v. Ryan, 566 U.S. 1, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012) (" Martinez"). Blake, 745 F.3d at 983-84. In Martinez, the Supreme Court endorsed an exception to the general rule that "ignorance or inadvertence" on the part of a petitioner's post-conviction counsel does not constitute cause to excuse a procedural default of a claim of ineffective assistance of trial counsel. See Coleman v. Thompson, 501 U.S. 722, 753-54, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991) (stating general rule). The Martinez Court concluded that "[w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." Martinez, 566 U.S. at 17, 132 S.Ct. 1309. Applying Martinez to the Rhines context, Blake held that a petitioner can show good cause for a failure to exhaust by showing that the ineffectiveness of post-conviction counsel caused the failure to exhaust. See Blake, 745 F.3d at 983-84 (good cause under Rhines "cannot be any more demanding than a showing of cause under Martinez to excuse state procedural default"); see also Dixon, 847 F.3d at 720-21 (inmate's lack of counsel during state post-conviction proceedings constituted good cause for failure to exhaust).[3]
Petitioner relies on Martinez and Blake in arguing that "post-conviction *1071 counsel" (as Petitioner confusingly terms Petitioner's appellate counsel) provided ineffective assistance allegedly constituting good cause for Petitioner's failure to exhaust (see Supplemental Motion for a Stay, pp. 5-6). However, Martinez and Blake concerned ineffective assistance by state habeas counsel on collateral review, not appellate counsel on direct review. For this purpose, an attorney representing a criminal defendant in a state court appeal on direct review is not "post-conviction" counsel. Cf. Coleman v. Thompson, 501 U.S. at 752-57, 111 S.Ct. 2546 (while petitioner had a right to counsel on direct appeal from a criminal conviction, petitioner enjoyed no right to counsel in state habeas "post-conviction" proceedings); Pennsylvania v. Finley, 481 U.S. 551, 555, 557, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987) ("Postconviction relief ... is a collateral attack that normally occurs only after the defendant has failed to secure relief through direct review of his conviction"; prisoner has no constitutional right to counsel "when attacking a conviction that has long since become final upon exhaustion of the appellate process"). Neither Martinez nor Blake holds that the ineffective assistance of appellate counsel, as distinguished from post-conviction (state habeas) counsel can constitute good cause for a failure to exhaust under Rhines.[4] See Avalos v. Sherman, 2018 WL 5304855, at *5 n.9 (C.D. Cal. Sept. 10, 2018), adopted, 2018 WL 5304777 (C.D. Cal. Oct. 24, 2018) ("far from clear" whether ineffective assistance of appellate counsel could constitute good cause under Rhines ).
Furthermore, and in any event, Petitioner's conclusory allegations are insufficient to demonstrate good cause. "An assertion of good cause without evidentiary support will not typically amount to a reasonable excuse justifying a petitioner's failure to exhaust." Blake, 745 F.3d at 982. "While a bald assertion cannot amount to a showing of good cause, a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust, will." Id. at 982-93 (petitioner supported allegation of ineffective assistance of postconviction (i.e. habeas) counsel in failing to investigate petitioner's mental problems and childhood abuse with evidence of petitioner's abusive upbringing and history of mental illness, including declarations and a psychological report).
Here, the Motion for a Stay alleges only, in conclusory fashion, that appellate counsel "failed properly to raise the issues on appeal" (Motion for a Stay, p. 8).[5] The attachments to the Motion for a Stay do not appear to concern appellate counsel's alleged ineffectiveness in any way. In his Supplemental Motion, Petitioner argues good cause based on the assertedly ineffective assistance of both trial and appellate counsel as alleged in the original Petition[6] (Supplemental Motion for a Stay, p. 6). In the Supplemental Motion, *1072 Petitioner contends that, in the original Petition, he supported these ineffective assistance claims with "extensive evidence, including transcripts, photographs, laboratory reports, medical records, declarations from witnesses and experts, news articles, psychological evaluations and letters from insurance companies." Petitioner does not explain how the claims of allegedly ineffective trial and appellate counsel asserted in the original Petition show any good cause for his subsequent failure to exhaust the claims at issue here. Nor does Petitioner point to any particular evidence, attached to the original Petition or otherwise, supporting his argument, much less explain how any such evidence establishes good cause under Rhines. In his Supplemental Reply, Petitioner contends he supported his Rhines motion with "numerous exhibits" (Supplemental Reply, p. 3). Petitioner does not identify which of the exhibits attached to the Motion for a Stay support his claims of allegedly ineffective assistance of trial and appellate counsel. No connection is apparent between the alleged ineffectiveness of trial and appellate counsel and Petitioner's subsequent failure promptly to file in state court a habeas petition exhausting his unexhausted claims.
Petitioner's conclusory allegations that ineffective assistance of trial and appellate counsel supposedly constitutes good cause for a Rhines stay are nothing more than the sort of "bald assertions" the Blake Court deemed insufficient to support a finding of good cause. See Wizar v. Sherman, 2016 WL 3523837, at *4 (C.D. Cal. May 19, 2016), adopted, 2016 WL 3511781 (C.D. Cal. June 27, 2016) ("bald assertion" of alleged ineffective assistance of appellate counsel in support of request for Rhines stay insufficient, citing cases). Petitioner's apparent invitation to the Court to comb back through the numerous exhibits submitted in support of the original Petition and the Motion for a Stay to find some factoid supposedly supporting Petitioner's allegation of good cause does not suffice to meet the evidentiary requirements mandated in Blake. See Blake, 745 F.3d at 982-83 (petitioner showed good cause by submitting evidence directly supporting his good cause allegations, including a psychiatric report and declarations); cf. Forsberg v. Pacific N.W. Bell Tel. Co., 840 F.2d 1409, 1418 (9th Cir. 1988) ("[t]he district judge is not required to comb the record to find some reason to deny a motion for summary judgment"); cf. also Independent Towers of Washington v. Washington, 350 F.3d 925, 929 (9th Cir. 2003) (" '[j]udges are not like pigs, hunting for truffles buried in briefs' ") (quoting United States v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991) ); Cary v. Great Northern R.R. Co., 467 F.2d 1287, 1289 (9th Cir. 1972) (declining litigant's request that the court "search through the evidentiary haystack for a needle" supporting litigant's claim).[7]
Furthermore, as noted above, Petitioner has failed to show how any alleged ineffectiveness of trial or appellate counsel prevented Petitioner from exhausting his unexhausted claims. Petitioner has not shown that anything trial or appellate counsel did, or did not do, hindered Petitioner *1073 from presenting his unexhausted claims in a timely habeas petition filed in the California Supreme Court. Petitioner reportedly hired counsel (Ms. Arfa) in February of 2012 (Motion for a Stay, p. 8; attached Declaration of Fay Arfa, ¶ 7; attached Declaration of Michele Kentros, ¶ 6). The Motion for a Stay states that "[w]ithin a matter of months, habeas counsel (Ms. Arfa) conducted the requisite investigation and found several constitutional claims that had not been previously presented," including claims of ineffective assistance of counsel "normally brought in collateral attacks on the conviction" (Motion for a Stay, p. 8).[8] However, Ms. Arfa did not file a habeas petition in state court until December 7, 2012, some ten months after she assertedly was retained.[9] Furthermore, Ms. Arfa delayed over five months after the Superior Court denied that petition before filing a habeas petition in the California Court of Appeal.[10] Petitioner has not explained how any alleged ineffectiveness of trial or appellate counsel caused Petitioner to fail to exhaust his claims in state habeas proceedings before filing the instant Petition; rather it appears such failure is attributable only to Petitioner, Ms. Arfa, or both. See Storey v. Paramo, 2018 WL 454688, at *2 (S.D. Cal. Jan. 17, 2018) ("Storey's appellate counsel's performance has nothing to do with Storey's own failure to exhaust his claims *1074 by filing a habeas petition in the California Supreme Court."); Diederich v. Paramo, 2017 WL 9538858, at *13 (C.D. Cal. Sept. 19, 2017), adopted, 2018 WL 3013266 (C.D. Cal. June 14, 2018) ("appellate counsel's failure to raise known claims on direct appeal does not establish good cause for purposes of obtaining a Rhines stay") (citations omitted); Hernandez v. Sullivan, 397 F.Supp.2d 1205, 1207 (C.D. Cal. 2005) (petitioner did not show good cause for a stay where appellate counsel's alleged ineffectiveness "did nothing to prevent Petitioner from seeking state habeas relief for the unexhausted claims").
For the reasons discussed above, there is no good cause for a Rhines stay.[11]
ORDER
For the foregoing reasons, Petitioner's motion for a stay under Rhines is DENIED. Pursuant to the Ninth Circuit's mandate, the June 19, 2015 "Order Accepting Findings, Conclusions and Recommendations of United States Magistrate Judge" is reimposed. Judgment shall be entered accordingly.

The Court has read and considered all arguments Petitioner has made in support of his Motion for a Stay. The Court discusses Petitioner's principal arguments herein.

Petitioner's Reply to the Supplemental Opposition also confirms that Petitioner equates "appellate counsel" with "post-conviction counsel" (see Reply to Supplemental Opposition, p. 3).

Because Petitioner was represented by counsel during the state habeas proceedings, the holding of Dixon is inapplicable here.

Additionally, the rule of Martinez does not appear to extend to any unexhausted claims other than an claim of ineffective assistance of trial counsel. See Davila v. Davis, --- U.S. ----, 137 S.Ct. 2058, 198 L.Ed.2d 603 (2017) (Martinez inapplicable to a claim that postconviction counsel ineffectively failed to exhaust a claim of ineffective assistance of appellate counsel).

In almost every case in which a petitioner who was found guilty later seeks a Rhines stay, the petitioner's appellate counsel failed to exhaust the unexhausted claims on direct appeal. If such a failure, in and of itself, were to qualify as good cause, then the good cause requirement of Rhines would be effectively discarded and the "limited circumstances" in which the Rhines Court said that a stay is available would become virtually unlimited.

The original Motion for a Stay did not allege that ineffective assistance of trial counsel was good cause.

Because Petitioner is not proceeding pro se, his papers filed in connection with the Motion for a Stay are not entitled to a liberal construction. See Farley v. Davis, 2018 WL 732662, at *6 n.2 (N.D. Cal. Feb. 5, 2018) (represented petitioner's Rhines motion not entitled to liberal construction); see also Knaubert v. Goldsmith, 791 F.2d 722, 729 (9th Cir. 1986), cert. denied, 479 U.S. 867, 107 S.Ct. 228, 93 L.Ed.2d 155 (1986) ("The district court is required to construe a pro se petition more liberally than it would construe a petition drafted by counsel.") (citing Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) ).

Although Petitioner contends appellate counsel failed to raise "the issues" (apparently the allegedly newly discovered claims) on appeal, Petitioner acknowledges that appellate counsel could not have raised on appeal a claim of her own ineffectiveness in failing to present issues on appeal (Reply to Supplemental Opposition, p. 5). Petitioner also acknowledges that claims of ineffective assistance of trial counsel typically are brought in a habeas corpus proceeding rather than in an appeal. See People v. Woodruff, 5 Cal. 5th 697, 736, 235 Cal.Rptr.3d 513, 421 P.3d 588 (2018) ("Rarely is ineffective assistance of counsel established on appeal since the record usually sheds no light on counsel's reasons for action or inaction.") (citation omitted). Petitioner does not explain how appellate counsel supposedly erred in failing to assert on appeal Petitioner's claims of alleged ineffective assistance of trial counsel.

Although a "properly filed" state habeas petition can toll the federal habeas statute of limitations, see 28 U.S.C. section 2244(d) (1), the statute is not tolled between the conviction's finality and the filing of a petitioner's first state habeas petition. See Porter v. Ollison, 620 F.3d 952, 958 (9th Cir. 2010) ; Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), cert. denied, 529 U.S. 1104, 120 S.Ct. 1846, 146 L.Ed.2d 787 (2000). Accordingly, the statute ran during the period between the finality of Petitioner's conviction and the filing of the Superior Court habeas petition.

Statutory tolling of the federal habeas statute of limitations also does not apply to an unreasonably long "gap" between the denial of a Superior Court petition and the filing of a Court of Appeal petition. See Evans v. Chavis, 546 U.S. 189, 192, 201, 126 S.Ct. 846, 163 L.Ed.2d 684 (2006) ; Carey v. Saffold, 536 U.S. 214, 235, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002). In Judge Zarefsky's March 25, 2015 Report and Recommendation, Judge Zarefsky concluded that Petitioner was not entitled to statutory "gap" tolling for the 157 days between the denial of the Superior Court petition and the filing of the Court of Appeal petition (see"Report and Recommendation of United States Magistrate Judge," filed March 25, 2015, at pp. 13-14). Judge Zarefsky also rejected the argument that Petitioner was entitled to equitable tolling on his newly exhausted claims on the asserted ground that Ms. Arfa purportedly was unaware of the denial of the Superior Court petition until January 29, 2014, concluding that Ms. Arfa did not act diligently in attempting to learn the disposition of the Superior Court petition (see id. at pp. 14-20). The "Order Accepting Findings, Conclusions and Recommendations of United States Magistrate Judge," filed June 19, 2015 did not alter these conclusions in any material way, and, after further de novo review, the Court still finds the conclusions to have been correct.

In light of this conclusion, the Court need not reach the other aspects of the Rhines analysis, including the issues of diligence or the merits of Petitioner's unexhausted claims. The Court does observe, however, that Petitioner's Eighth Amendment claim is manifestly without merit. See Lockyer v. Andrade, 538 U.S. 63, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003) (fifty year sentence for petty theft with a prior involving $ 150 worth of videotapes not unconstitutional); Harmelin v. Michigan, 501 U.S. 957, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991) (affirming a sentence of life without parole for a first offense of possession of 672 grams of cocaine); Plascencia v. Alameida, 467 F.3d 1190 (9th Cir. 2006) (50-year-to-life sentence for first degree murder with firearm conviction not cruel and unusual punishment); United States v. LaFleur, 971 F.2d 200, 211 (9th Cir. 1991), cert. denied, 507 U.S. 924, 113 S.Ct. 1292, 122 L.Ed.2d 683 (1993) ("[I]t is clear that a mandatory life sentence for murder does not constitute cruel and unusual punishment.").